Heritage *v.* Hall.

the court can quash it afterwards, if in their discretion it was improvidently granted. To undertake the review of the legislation of the board of health, or of the common council, upon questions of jurisdiction possessed by those bodies, would be opening a door to litigation which, to say the least of it, would be unpleasant and unprofitable; and where an ample remedy exists at law, in any action founded on such legislation, the discretion vested in the court in this proceeding, will be best exercised by refusing to sustain this proceeding. (*People* v. *Supervisors of Allegany,* 15 *Wend.* 198. *People* v. *Mayor of New York,* 5 *Barb.* 43. *Stone* v. *Mayor &c. of New York,* 25 *Wend.* 157, 169. *Ex parte Mayor of Albany,* 23 *id.* 277.)

The application on the part of the relator must therefore be denied, and the certiorari be quashed.

[NEW YORK GENERAL TERM, February 4, 1861. *Clerke, Sutherland* and *Ingraham,* Justices.]

———•●•———

HERITAGE, adm'x &c. of Heritage, deceased, *vs.* HALL and others.

Ordinarily, in cases of conflicting evidence, the submission of the evidence to the jury, and their finding upon it, is conclusive upon the parties.

It is only where the verdict is clearly against the evidence, so that the court is led to the conclusion that the jury was improperly controlled by passion or prejudice, that the court should interfere.

Where it is evident that the jury have mistaken the import of the testimony, and have done wrong by their verdict, the court may in like manner interfere.

THIS action was brought to recover for a stock of goods sold by the plaintiff's intestate to the defendants' firm. The defendants pleaded payment, and upon the trial produced receipts which they contended were evidence of payment for the goods, and which the plaintiff claimed to have been pay-

ments on other accounts between the parties. On the part of the defense receipts were proven for $2150 in various sums, purporting to be " to account of stock," excepting one for $500 which purported to be for lease, good will &c. of store in 8th avenue. This last receipt was dated 1st April, 1854, and evidently corresponded with the payment acknowledged in the bill of sale of that date. There is annexed to the bill of sale, a receipt uniting all these payments, amounting to $2150, and a further sum of $240.51 in goods, and purporting to be in full of the amount in the bill of sale, $2390.31. This was dated 8th May, 1854. The intestate died June 2d, 1854. It also appeared in evidence that after the death of the intestate the defendants paid to the administratrix $730 in various amounts from 17th August, 1854, to 9th November, 1854, on account of money due to the estate ; that the defendant Charles Hall, after the intestate's death, admitted that he owed the deceased about $1800 at the time of his death, for the store on 8th avenue ; that when he, the defendant, went into the country, he owed 11 or 1200 dollars, and which he expected the other defendant to pay. The defendant testified that the payments were on another account, made after the contract was settled, and had nothing to do with the sale of the store, and he denied the admissions proved by Ferguson. It was also proven by a clerk of the intestate that after the sale of the store and stock of goods, the intestate sold goods frequently to Hall, as he admitted to the witness.

The judge submitted to the jury the question whether the defendants had paid the price for the store and stock, and stated that the receipts were evidence of payment, unless the jury were satisfied that the receipts had been so explained as to destroy their effect. The jury found for the plaintiff.

*Stuart & Whitehead,* for the defendants.

*Wm. Boies* and *Robt. Livingston,* for the plaintiff.

Heritage *v.* Hall.

*By the Court,* INGRAHAM, J.   Ordinarily, in questions of this kind, the submission of the evidence to the jury, and their finding upon it, is conclusive upon the parties. Courts are not to weigh the evidence as the jury does, and then say whether the verdict of a jury is in accordance with the opinion of the court. It is only where the verdict is clearly against the evidence, so that the court is led to the conclusion that the jury was improperly controlled by passion or prejudice, that the court should interfere. Where it is evident that the jury have mistaken the import of the testimony, and have done wrong by their verdict, the court may in like manner interfere.

It is to be regretted, in this case, that neither party has seen fit to submit to the court, upon the trial of the case, the accounts of the parties as to other transactions. From the defendant's statement to the plaintiff he had a book in which the account of the indebtedness was kept, and which account he submitted to the plaintiff when she inquired as to the account. It also appears that the defendant, Charles Hall, drew up the copy of the bill of sale, and was present when it was given to the plaintiff. Nothing was said at that time as to the payments, and moneys were paid on account without objection.

It is true that the receipts were evidence of the payment of money on this account, in the absence of proof that there was any other account between the parties; and I am free to say that the receipts proven in this case, if signed by the intestate, (of which I suppose there is no doubt,) furnish very strong testimony of payment ; and that more especially where there is nothing to contradict the written evidence but mere conversations, proven as admissions by the defendant—a species of evidence, considered as unsatisfactory and dangerous. Still I am inclined to think the rule before referred to, controls this case. The question was fairly submitted to the jury. It was purely a question of fact. It depended on questions of credibility, as well as other matters, and the jury

had all the parties before them, and were able to judge more correctly than we can from a mere statement of the testimony. Although a verdict in accordance with the receipts would have been more satisfactory to me, still we may not for that reason interfere with this verdict.

. The evidence of the defendant, Charles Hall, was offered, to prove the receipts to have been signed by the intestate, and excluded. Such exclusion was proper, under the provisions of the code, as the action was brought by an administrator. The objection, if taken, might have been extended much further.

The judgment appealed from is affirmed with costs.