### WEIGHMANN *v.* SIRE *et al.*

*(Supreme Court, General Term, Second Department.    December 14, 1891.)*

APPEAL—CONFLICTING EVIDENCE—PROVINCE OF JURY.
 Where the evidence is conflicting and evenly balanced on either side, the verdict of the jury will not be disturbed.

Appeal from circuit court, Queens county.

Action by Louis P. Weighmann against Benjamin Sire and others.    From a judgment for plaintiff, entered on the verdict of a jury, and from an order denying a motion for a new trial, defendants appeal.    Affirmed.

Argued before BARNARD, P. J., and PRATT, J.

*Albert I. Sire,* for appellants.    *H. M. Gescheidt,* for respondent.

BARNARD, P. J.    The record shows nothing but a question of fact. The complaint is based upon facts which show that one Catharine H. Mitnacht rendered services and furnished material on three separate premises for the defendant.    The complaint claims $1,146 for one contract, $75 for another, and $55 for the third.    The answer states that the contract for which $1,146 is claimed was for $960, which was paid; that the contractor failed to execute the $55 contract.    The $75 contract is denied.    The plaintiff is the owner of the several claims by assignment from Catharine H. Mitnacht.    The parties differed irreconcilably.    The plaintiff's witness gave proof tending to show that the whole claim in the complaint is due.    The defendants gave evidence to the contrary, and in support of the answer.    Proof was given of a $750 payment by defendants to Miss Mitnacht, and she gave positive proof that no such payment was ever made.    Proof was given in respect to the performance of the $75 and the $55 items.    The whole case, with its many contradictions, was sent to the jury under a clear charge in respect to the issues on the several items and as to the payment and as to the performance of smaller items.    The jury have passed upon the questions.    The conflict is so great, and the evidence is so strong on each side, with no such preponderating force to either side, that the case falls within the general rule that the verdict of the jury is final on a disputed question of fact.    The judgment should therefore be affirmed, with costs.