### TEETER v. TEETER et al.

#### (Supreme Court, General Term, Fourth Department.　September, 1892.)

1. REVIEW ON APPEAL—CONFLICTING EVIDENCE.

Where the evidence is doubtful and conflicting, depending on the character and credibility of witnesses, the general term cannot be called on to review and readjust the facts as found. *Roosa* v. *Smith*, 17 Hun, 139, followed.

2. DEED—DELIVERY.

Where defendant, the owner of the fee of certain real estate, executed and delivered to plaintiff's intestate a deed therefor, and afterwards received the deed for safe keeping, and, after intestate's death, refused to deliver the same to intestate's representatives, he was properly ordered to execute a good and sufficient deed to intestate's widow and heirs at law.

Appeal from special term, Tompkins county.

Action by Jane Teeter against Andrew Teeter, impleaded with others. From a judgment for plaintiff, entered at a special term, and from an order denying a motion for a new trial made on a case and exceptions, defendant Andrew Teeter appeals.　Affirmed.

In December, 1890, a special term ordered the action to be tried before a jury, and the following question to be answered: "*Question.* Did Andrew Teeter, prior to the death of Guy Teeter, execute and deliver to him a deed of the premises in the complaint mentioned?"　The jury rendered a verdict in favor of the plaintiff.　After the verdict was rendered, and at a special term held on the 9th day of March, 1891, by the justice who presided at the trial at the circuit, upon the evidence submitted to him, found that on the 4th day of April, 1886, the defendant Andrew Teeter was the owner of all the land described in the complaint; and that on that day he "caused to be drawn, and duly signed, executed, and acknowledged, a good and sufficient deed of conveyance of said premises, conveying the same to Guy Teeter; that thereafter said deed was delivered by the defendant Andrew Teeter to the said Guy Teeter, the grantee therein named; that the said Guy Teeter died on the 13th of May, 1889, intestate, leaving him surviving this plaintiff, Jane Teeter, his widow, and the infant defendants Libbie Teeter, Cecil Teeter, and Clyde Teeter, being his only children and heirs at law."　Also "that, after the death of the said Guy Teeter and before the commencement of this action, this plaintiff duly demanded of the defendant Andrew Teeter the deed aforesaid, and the said Andrew Teeter refused to deliver up said deed to this plaintiff, or to any one in her behalf," he having received the same from Guy Teeter for safekeeping.　Among the conclusions of law, the court found "that Guy Teeter was, at the time of his death, May 13, 1889, the owner of the premises above described in fee simple absolute, subject to the inchoate dower right of the defendant Elizabeth Teeter; that upon his death intestate the said premises descended to his three children, Libbie Teeter, Cecil Teeter, and Clyde Teeter, subject to the dower right of his widow, this plaintiff, Jane Teeter, therein, and subject to the inchoate dower right of Elizabeth Teeter, and they are now the owners of said premises."　He also found that the defendant

Andrew Teeter "should be compelled, ordered, and adjudged to execute a good and sufficient deed of conveyance of the premises above described to the plaintiff, Jane Teeter, and to her three children. * * *"

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*D. C. Bouton,* for appellant. *M. M. Tompkins* and *C. C. Van Kirk,* for respondent.

HARDIN, P. J. Appellant claims "there was not sufficient evidence of the execution and delivery of the deed to warrant the verdict of the jury." After a careful perusal of the evidence, we are of the opinion that the finding of the jury and the finding of the special term are sustained by ample evidence, and that the conclusions reached upon the evidence are in accordance with the weight of the testimony. It is true the defendant offered considerable evidence tending to support the position taken in his behalf. After a careful perusal of the evidence on both sides, and giving such weight as should properly be allowed to the verdict of the jury, and the finding of the trial judge, we are of the opinion that the findings made by the jury and the findings made by the trial court should be sustained. *Weighmann* v. *Sire,* (Sup.) 16 N. Y. Supp. 701. We think the principle stated by BOARDMAN, J., in *Roosa* v. *Smith,* 17 Hun, 139, is applicable here. He said: "But we think it very clear that a general term cannot, in a doubtful case, upon conflicting evidence, like the one under review, assume the place of the referee, and determine, from the mere reading of the evidence, who has told the truth, or is best entitled to credit. This would be imposing upon us a duty unsafe to exercise and dangerous in its ordinary use. It would make of a referee to try an issue simply a referee to report the testimony to this court, which in such cases would review nothing but the evidence, giving such a decision as in its judgment upon the evidence is just. * * * We do not understand it can be called on in doubtful cases upon conflicting evidence, depending upon the character and credibility of witnesses, to review and readjust the facts upon the evidence as it shall appear to it on paper." *Beckwith* v. *Railroad Co.,* 64 Barb. 299. In the latter case it was said that, in order to warrant the court in interfering with the verdict, "the finding must be either without evidence, or so decidedly against the weight of evidence that it must have been brought about by either partiality, corruption, or gross ignorance. *Heritage* v. *Hall,* 33 Barb. 347; *Cohen* v. *Dupont,* 1 Sandf. 260." We have looked carefully at the rulings criticised by the counsel for the appellant, and we are not persuaded that any error was committed which was prejudicial to the appellant. *Church* v. *Kidd,* 3 Hun, 254; *Post* v. *Mason,* 91 N. Y. 539. The result gives the widow and her children the farm, which was apparently paid for by the deceased husband and father, in possession of which he had been for over 20 years prior to his death, and accords with substantial justice, as shown by the evidence found in the appeal book. We think the language of RUGER, C. J., in *Stanley* v. *Bank,* 115 N. Y. 138, 22 N. E. Rep. 29, is applicable where he says: "We may go still further, and say that, under the evidence in the case, we are of the opinion that the verdict accords with the probabilities and justice of the case." Judgment and order affirmed, with costs against the appellant.

MARTIN, J., concurs.

MERWIN, J. I think the judgment should be affirmed.