NEWTON v. NEWTON et al.

(Supreme Court, Appellate Division, Fourth Department.    February 6, 1898.)

APPEAL—SUFFICIENCY OF EVIDENCE.
    The findings of a referee upon conflicting evidence, depending upon the
character and credibility of witnesses, will not be disturbed.

Appeal from judgment on report of referee.

Action by Charles Newton against William H. Newton and others.
From a judgment dismissing his complaint on report of a referee,
plaintiff appeals.    Affirmed.

As a conclusion of law the referee found: "That the·claim of the plaintiff
against the estate of Isaac Newton, deceased, as set forth in the complaint
herein, and whatever claim the said plaintiff may have had at any time
against the real property described herein, has been fully paid and settled
with the note given by the defendant William H. Newton for that purpose."
Exceptions were filed to the conclusions of fact and conclusions of law stated
by the referee.    Charles Newton is a son of the defendants William H. and
Esther Newton, and a grandson of Isaac Newton.    Isaac Newton, the father
of William H. Newton, died in the town of Yorkshire in October, 1875.    He left
him surviving his wife, Orla Newton, and his son, the defendant William H.
Newton, who was his only heir at law.    His will was probated, and Orla New-
ton, his widow, was appointed sole executrix.    Isaac Newton, by his will,
bequeathed to his son, William H. Newton, $1,000, payable two years after his
death; to the defendant George Newton the sum of $1,000, payable to said
George Newton when he should arrive at the age of 21 years; to the plaintiff
the sum of $1,000, payable when he should arrive at the age of 21 years; to
Edith Newton the sum of $200, payable when she should arrive at the age of
21 years; to Orla Newton the use during her life of all the rest, residue, and
remainder of his estate, both real and personal, after the payment of said
legacies, and after the payment of the funeral expenses and debts of the said
Isaac Newton.    The principal part of Isaac Newton's estate consisted of a
bond and mortgage for about $5,000 upon a tract of land in the town of York-
shire.    In 1880, Orla Newton foreclosed the mortgage.    Some controversy
arose upon the trial as to the effect of the pleadings, and it is difficult to intel-
ligently determine that controversy by reason of the fact that the answers of
the defendants admit by certain folios and deny by certain other folios, which
are not now given in the printed case.    It was conceded that the legacy given
to George Newton had been paid and satisfied, ·and that there now remained
due Edith Newton on account of her legacy the sum of $7,500.    When the
foreclosure took place, the premises covered by the mortgage were bid in by
William H. Newton, and he and his wife conveyed to Orla Newton the premises
on March 15, 1880, for a recited consideration expressed of $3,050, which con-
veyance covers the premises described in the complaint, together with the
Myers lot.    On the 30th of December, 1885, Orla Newton conveyed to William
H. Newton the lands of which Isaac Newton died seised for an expressed con-
sideration of $800.    On the 8th of January, 1889, the plaintiff became 21 years
of age, and on that day the legacy aforesaid became due, by its terms.    Orla
Newton made several payments upon the legacy, "aggregating $200," which
she paid "on or before two months after said Charles Newton became of age."
The referee finds, viz.: "That in the latter part of June, 1894, the defendant
William H. Newton gave his personal note of one thousand dollars, dated ahead
to July 1, 1894, which note included about $200 for labor performed and eight
hundred balance due upon the legacy; that said note was delivered to the
plaintiff with the express understanding that it would extinguish any other
claims for legacy, and every other claim for labor, and that the note was
received in full payment of said legacy and labor; that since the making of
said note divers sums have been paid thereon by William H. Newton individu-
ally, reducing the sum to $831, and interest thereon since July 1, 1896; that
in said $831 and interest thereon from July 1, 1896, are included about $200

the said William H. Newton is owing to the plaintiff for labor." The referee also finds, viz.: "That in the month of June, 1894, and after the giving of the note of $1,000 by William H. Newton to Charles Newton, the said Charles Newton prepared a deed of the premises described in the plaintiff's complaint from William H. Newton to Esther Newton, which deed was executed with the full knowledge of the said Charles Newton, and at his suggestion, subject to a mortgage of $900, and in consideration further of $600 then given and $400 allowed for the use of her property, with interest, making a total consideration of $1,000 above the mortgage of $900 to the savings bank. This conveyance did not include the Myers lot. That at the time said note was given said William H. Newton was the owner of about $1,000 worth of personal property and the real estate thereafter deeded to Esther Newton, and was owing about $250 besides what was taken up and paid from a portion of the $600, part consideration of said deed. That said William H. Newton's financial condition was known to Charles Newton at that time. That at the time said deed was given Charles Newton informed Esther Newton that she would get a good title to said premises, subject only to the savings bank mortgage, unless it would be a little balance due Edith; and, relying upon such representations, said transfer was made and accepted." This action was commenced on the 13th day of November, 1896.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

I. W. Cole, for appellant.
Charles Newton, in pro. per.
Edwin A. Scott, for respondents.

HARDIN, P. J.  The conclusions of fact stated by the referee are supported by the evidence given at the hearing. There was a severe conflict in the evidence given by the plaintiff as a witness and the testimony given by his father, William H., and his mother, Esther, and his brother, George Newton, as well as in some other circumstances and evidence disclosed in the case. The conclusions of fact stated by the referee are in accordance with the weight of the evidence as it appears to us from an inspection of the appeal book. The rule relating to review of evidence that is conflicting is stated in Roosa v. Smith, 17 Hun, 138, and we think that rule is eminently applicable to the case in hand. It was there said by the learned judge who delivered the opinion of the court, viz.:

"We understand this court has the power to examine the evidence and the findings of fact in cases tried before a referee or the courts; that it has the power, and it is its duty, to interfere when facts have been found without evidence or clearly against evidence. But we do not understand it can be called on in doubtful cases upon conflicting evidence, depending upon the character and credibility of witnesses, to review and readjust the facts upon the evidence as it shall appear to it on paper."

That rule has been sanctioned and followed in numerous cases. Baird v. Mayor, 96 N. Y. 567; Stanley v. Bank, 115 N. Y. 122, 22 N. E. 29; Devlin v. Bank, 125 N. Y. 756, 26 N. E. 744; Teeter v. Teeter (Sup.) 20 N. Y. Supp. 259; Sackett v. Thomas, 4 App. Div. 448, 38 N. Y. Supp. 608; Curry v. Wiborn, 12 App. Div. 1, 42 N. Y. Supp. 178. The referee saw the son, the plaintiff, his father and mother and brother, and the other witnesses, who were called to speak upon the subject of the settlement made with his father, and could judge quite as well as the members of this court can from reading the record of their evidence as to the credibility of the respective witnesses, and

we may fairly assume that the report of the referee is evidence of the belief and credit which he gave to the testimony of the father, the mother, and the brother of the plaintiff. Although a very protracted and intelligent discussion of the conflicting evidence has been submitted to us in behalf of the appellant, the plaintiff, in which there is not only insinuation, but direct charge, that the parents have committed perjury by falsely testifying in numerous instances, and by a careful array of different phases of the evidence with a view of showing the improbability of the testimony delivered by the father and the mother, yet we are satisfied with the conclusion stated by the referee upon the whole evidence, and that he was warranted in finding that the plaintiff had accepted the note of the defendant William H. Newton, and agreed to rely thereon, and that he expressly accepted the same in settlement of the sum due him for services, as well as any claim he had upon his grandfather's estate for the legacy mentioned in the complaint. The testimony also supports the finding of the referee to the effect that, subsequent to the delivery of that note, the plaintiff prepared a deed of certain premises to be made by his father to his mother, and assured his mother, at the time she received such deed, that she would thus acquire a clear and unclouded title to the property, freed of any claim by reason of any legacy mentioned in the grandfather's will.

Several rulings were made during the progress of the trial to which exceptions were taken. We have given attention to them, and, so far as the rulings relate to the questions of fact which we have already stated, we are of the opinion that they do not present prejudicial error requiring us to interfere with the conclusion reached by the referee. We are of the opinion that the report of the referee should be sustained.

Judgment affirmed, with costs. All concur.